IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE #4 | : | CIVIL ACTION |
| v. | : | |
| THE SOCIETY FOR CREATIVE ANACHRONISM, INC. | : | NO. 07-1439 |
| S.L., et al. | : | CIVIL ACTION |
| v. | : | |
| THE SOCIETY FOR CREATIVE ANACHRONISM, INC. | : | NO. 07-1440 |

**MEMORANDUM**

**Baylson, J.**                                                                                                          **July 23, 2007**

**I.   Introduction**

The above captioned cases have been removed to this Court by the Defendant after having been filed in the Philadelphia County Court of Common Pleas against a single Defendant, The Society for Creative Anachronism, Inc. ("SCA"). Presently before the Court are Plaintiffs' Motions to Amend their Complaints to join a non-diverse defendant, Benjamin Schragger ("Schragger") pursuant to F. R. Civ. P. 15 and 20, and Motions to Remand pursuant to 28 U.S.C. § 1447(e). For the reasons set forth below, Plaintiffs' Motions to Amend their Complaints and to Remand, and name Schragger as a defendant are DENIED.

**II.  Background**

    **A.   Procedural Background**

On December 28, 2006, Plaintiffs, all minors, brought two actions against SCA in the

Philadelphia County Court of Common Pleas. Plaintiffs instituted the actions with writs of summons and did not file Complaints in state court.

On April 11, 2007, SCA filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1332.[1] (Doc. No. 1). Five of the Plaintiffs are citizens and residents of Pennsylvania and one Plaintiff is a citizen and resident of Iowa. SCA has its principal place of business and headquarters in California. On March 19, 2007, the Writ of Summons was served on SCA at its offices in California. Schragger is a citizen and resident of Pennsylvania, currently residing in prison at SCI Rockview. It is undisputed that adding Schragger will destroy diversity.

On May 7, 2007, after removal, Plaintiffs filed their Complaints alleging common law against SCA in this Court, without naming Schragger as a defendant.[2] (Doc. No. 2). Plaintiffs contend SCA owed them a duty of reasonable care and was negligent in its failure to implement adequate policies and procedures and in its failure to utilize pre-employment screening for SCA related activities and events. Further, Plaintiffs allege repeated occurrences of physical and emotional injures to minors participating in SCA activities existed prior to their injuries and that SCA officials and management were aware of these incidents. On May 9, 2007, purportedly

---

[1] The amount in controversy exceeds $75,000; each Plaintiff demands $10,000,000 in relief. Under Local Rule 5.1.1 plaintiffs may not allege specific monetary damages in this type of case.

[2] John Doe #4's case is docketed at C.A. No. 07-1439, while John Doe #1, Jane Doe #1, John Doe #2, John Doe #3, and Jane Doe #2's case are docketed at C.A. No. 07-1440. John Doe #4 was initially listed as a plaintiff in C.A. No. 07-1440. See Notice of Removal, C.A. No. 07-1440, Doc. No. 1. Hereinafter, "Complaints" will refer to both Complaints, C.A. Nos. 07-1439 and 07-1440. When the Notice of Removal was initially filed, Plaintiffs were listed as S.L., as parent and natural guardian of C.L., a minor; R.D., as parent and natural guardian of K.B., a minor; C.B., as parent and natural guardian of K.H., a minor; C.O.; T.M. as parent and natural guardian of I.M., a minor; and D.B., as parent and natural guardian of S.B., a minor. S.B. is John Doe #4.

pursuant to Federal Rule of Civil Procedure 15, Plaintiffs filed Motions to Amend their Complaints to join Schragger as a defendant.[3]  (Doc. No. 3.)  SCA opposes this Motion based on Section 1447(e).[4]

### B.    Factual Background

Plaintiffs allege they attended various SCA sponsored events led by Schragger at his parents' residence in Pennsylvania and other locations, including properties and premises controlled and/or possessed by SCA.  Plaintiffs allege Schragger is responsible for raping and otherwise harming them during SCA sponsored events.  SCA is an international "educational organization which studies the Middle Ages by recreating the pastimes and crafts of the period." (Pl.'s Compl., No. 07-1439, ¶ 7, Doc. No. 2.)  Sometime between 1993 and 1999, SCA appointed Schragger to the position of "Dean of Pages" and assigned him the responsibility of

---

[3] Fed. R. Civ. P. 20 states, "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  SCA does not contest that Schragger may be joined under Fed. R. Civ. P. 20(a).

[4] On May 24, 2007, SCA filed both a Motion to Dismiss Count V of the Plaintiffs' Complaints, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 5), and a Response to Plaintiffs' Motions to Amend and Remand (Doc. No. 6).  Count V alleges SCA violated the Pennsylvania Child Protective Service Law ("PCPSL"), 23 Pa. C. S. A. § 6311, et seq., due to SCA's knowledge of harmful acts committed by SCA members, including Schragger, and/or recklessly violated the statutory duty to report such abuse as required by PCPSL.  Section 6311 states: "A person who . . . comes into contact with children shall report . . . when the person has reasonable cause to suspect . . . a child under the care, supervision, guidance or training of that person or . . . organization . . . is a victim of child abuse . . . ."  23 Pa. C. S. A. § 6311(a).

On June 1, 2007, Plaintiffs filed a Reply to SCA's Response.  (Doc. No. 8.)  Then on June 7, 2007, Plaintiffs filed a Response in Opposition to SCA's Motion to Dismiss Count V (Doc. No. 11), to which SCA replied on June 8, 2007 (Doc. No. 12).

coordinating youth membership in the Northeastern United States and parts of Canada.  (Id., ¶ 13.)  On August 23, 2004, Schragger plead guilty, but mentally ill, to multiple counts, including: two counts of rape of a child, involuntary deviate sexual intercourse, indecent assault, and corruption of minors.  He is currently an inmate in a Pennsylvania prison.

### III.     Parties' Contentions

#### A.     Plaintiffs' Contentions

Plaintiffs contend, pursuant to both Rule 15 and Section 1447(e), this Court should grant their Motions to Amend their Complaints in order to ensure prompt and efficient resolution of the claims against all persons who may be liable, in one proceeding.  Plaintiffs argue all claims brought against SCA, and the claims to be brought against Schragger, arise from the same occurrences since they both stem from Plaintiffs' injuries and damages inflicted by Schragger.

Plaintiffs assert their purpose in joining Schragger is not to destroy diversity jurisdiction, and point to the procedural record to buttress their argument.  Prior to SCA's removal of this case, Plaintiffs issued notices of intent to serve subpoenas, as required by Pennsylvania law, on the Pennsylvania State Police and the District Attorney's office.  Plaintiffs also contend their sole motivation for bringing allegations against Schragger is not for financial recovery.  Plaintiffs do not know Schragger's ability to satisfy a judgment, but assert he should be held civilly accountable for his conduct.

Plaintiffs argue they were not dilatory in seeking amendment to their Complaints.  They filed their Motions one day after filing their Complaints.  Plaintiffs contend they will be significantly injured if their Motions to join Schragger are denied.  If required to bring their claims against Schragger separately in state court, Plaintiffs anticipate duplicative litigation and

multiple sets of depositions, which could result in inconsistent verdicts and require them to incur additional expense and emotional stress.

Plaintiffs contend SCA will not be prejudiced by joining Schragger because no new causes of action or claims will be brought against SCA and SCA has long been aware of the actions alleged by Plaintiffs. In support of this claim, Plaintiffs cite SCA's webpage, SCAtoday.net, where the organization posted its "Official Statement on Schragger Case," dated November 8, 2003. (Pl.'s Mot. to Am. Compl. Ex. C, No. 07-1439, Doc. No. 3.) Additionally, Schragger led the instructional and educational sessions, which Plaintiffs attended under the aegis of SCA sponsorship. Plaintiffs also argue Schragger will not be prejudiced because he will have had notice of the lawsuit, the claims are brought within the relevant statute of limitations, and no discovery has occurred in this case.

Further, Plaintiffs seek to remand the action to state court since joining Schragger will destroy diversity subject matter jurisdiction. Specifically, complete diversity will be lacking since most of Plaintiffs are citizens and residents of Pennsylvania and Schragger is also a citizen and resident of Pennsylvania. Plaintiffs maintain fairness and judicial economy support joining the nondiverse defendant and remanding the action to state court.

      **B.**    **Defendant's Contentions**

SCA argues Plaintiffs' Motions to Amend their Complaints should be denied. SCA contends Plaintiffs' Motions should not be reviewed under the liberal standards of Federal Rule of Civil Procedure 15 because the proposed amendment will destroy diversity. SCA advocates this Court review the motion under 28 U.S.C Section 1447(e) and take into account the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2)

whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.

While SCA concedes Plaintiffs filed their Motions to join Schragger promptly, SCA emphasizes the motions were not made until after the cases were removed from state court. SCA argues Plaintiffs were aware of Schragger's involvement in the incident at the time Plaintiffs filed their Complaints. Plaintiffs' knowledge is evidenced by their involvement in the criminal trial and the repeated reference to Schragger in their Complaints. Further, the allegations against SCA stem from crimes committed by Schragger. SCA also alleges Plaintiffs did not initially name Schragger as a defendant because he does not have any recoverable assets.

SCA contends Plaintiffs can file a separate action against Schragger in state court and obtain a summary judgment. SCA also notes the claims against the organization will be different from those brought against Schragger and will require different proofs as to liability.

## IV.   Legal Standards

Under Federal Rule of Civil Procedure 15, plaintiffs "may amend [their] pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). In cases such as this, however, where the motion to amend is to join a nondiverse party, the motion must be reviewed under 28 U.S.C. Section 1447(e), whether or not the defendant has served its responsive pleading. Lehigh Mechanical, Inc. v. Bell Atl. Tricon Leasing Corp., No. 93-673, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993) (Huyett, J.) (citations omitted).

Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Section 1447(e) supersedes Rule 15.  Based on both the plain meaning and legislative history, cases from this District interpret Section 1447(e) as granting substantial discretion in whether to permit joinder to the courts.  See Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002) (Robreno, J.) (citing legislative history in reaching conclusion Section 1447(e) "intended to codify the flexible approach toward joinder of non-diverse parties."); Guldner v. Brush Wellman Inc., No. 01-176, 2001 WL 856699, at *2 (E.D. Pa. July 25, 2001) (Hutton, J.) (indicating language of Section 1447(e) gives "wide latitude to the district court" in deciding "whether to join non-diverse defendants after removal.").

While the Third Circuit has not adopted an approach to be used by a district court when applying Section 1447(e), the Fifth Circuit has endorsed a flexible and equitable approach, which "balance[s] the defendant's interests in maintaining a federal forum with the competing interests of not having parallel lawsuits." Hensgens v. Deere, Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Numerous cases from this District have followed Hensgens.  See In re Diet Drugs, 2002 U.S. Dist. LEXIS 25285, at *30 (E.D. Pa. Dec. 17, 2002) (Barlte, J.) (weighing of Hensgens factors to deny motion to amend complaint to join nondiverse parties who were defendant's employees); Massaro, 209 F.R.D. at 368 (granting, based on weighing Hensgens factors, plaintiff's motion to join nondiverse defendant based on finding under Section 1447(e) the court "may allow permissive joinder pursuant to Rule 20 and remand to state court, if doing so would be fair and equitable, and promote judicial economy") (footnote omitted); Kahhan v. Mass. Cas. Ins Co., No. 01-1128, 2001, WL 1454063, at *2 (E.D. Pa Nov. 14, 2001) (Yohn, J.) (granting motion to join nondiverse agent of defendant based on court's analysis, as defined by Hensgens); Guldner, 2001

WL 856699, at *2 (relying on the criteria enumerated in Hensgens in granting plaintiffs motion to amend their complaint to add nondiverse defendant responsible for fraudulent misrepresentations); Lehigh, 1993 WL 298439, at * 2 - 4 (weighing Hensgens factors in favor of granting motion to amend complaint to join nondiverse defendant). Specifically, Hensgens instructs a court to consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. Kahhan, 2001 WL 1454063, at *2 (citing Hensgens, 833 F.2d at 1182). If a court grants the motion to amend and joins the nondiverse defendant, it then must remand to the state court. 28 U.S.C. § 1447(e). Conversely, if the amendment is denied, the federal court retains jurisdiction. Id.

## V.  Discussion

At the time Plaintiffs moved to join Schragger, SCA had not filed a response to Plaintiffs' Complaints. Based on a straightforward application of Rule 15, standing alone, Plaintiffs had the right to amend their Complaints to join Schragger without leave of Court because SCA had not filed a response to their Complaint.[5] See Conover v. United Postal Service, 2006 WL 3534157, at *2 n.3 (D.N.J. Dec. 7, 2006) (indicating where plaintiff filed motion to amend prior to the defendant filing its answer, plaintiff could have "simply filed his amended [c]omplaint without leave of the [c]ourt, which would have implicated the fraudulent joinder analysis.").

---

[5] Despite Plaintiffs' contentions otherwise, the present case does not implicate issues of fraudulent joinder because Plaintiffs have not actually joined Schragger as a defendant. See Conover, 2006 WL 3534157, at *1 (finding fraudulent joinder analysis is not appropriate where plaintiff filed motion to amended his complaint prior to defendant filing its answer).

This Court, however, must apply Section 1447(e) and the Hensgens factors since the proposed amendment would destroy diversity. In the present case, the four Hensgens factors weigh against granting Plaintiffs Motion to Amend their Complaints to add Schragger as a defendant.

Despite Plaintiffs' denials, the Court concludes Plaintiffs' purpose in joining Schragger at this time appears to be to destroy diversity. Plaintiffs have not given any valid reasons as to why they did not name Schragger as a defendant in the state court summons. Plaintiffs have been aware of Schragger's involvement for several years, they had reason to know that he was a prisoner within the Pennsylvania state prison system, and his location would not have been difficult to determine. The fact that Plaintiffs had initiated some fact-finding with the Pennsylvania State Police and the Lehigh County District Attorney's Office does not provide any weight to support their arguments because it is not contrary to their ability to have named Schragger at the outset. These investigatory leads may be perfectly valid but do not necessarily implicate an intent to add Schragger as a defendant. Plaintiffs' argument that they wanted to subpoena this information before bringing a claim against Schragger as part of their litigation strategy (see Pl.'s Memorandum at p. 3) is not persuasive. The Plaintiffs' claims are predicated on allegedly illegal actions performed by Schragger against the Plaintiffs, and Plaintiffs were aware of these for over two years before filing the Summons.

Furthermore, it appears likely that Schragger is judgment-proof. Plaintiffs' response to Defendant's argument to this that they want to hold him "civilly accountable" is not persuasive in that the only realistic remedy which Plaintiffs have against Schragger is for damages. Plaintiffs inferentially must have initially realized the logistical problems involved in suing a state

prisoner.  The Court infers that Plaintiffs decided not to waste their efforts on naming a state prisoner as a defendant in their Summons when they had a viable "deep pocket" defendant, i.e. SCA, against whom they could get the relief to which they were entitled.

Looking at other relevant factors, the Court also finds Plaintiffs will not be prejudiced if their motions are denied because they can still file a state court action against Schragger.  This Court would be amenable to arranging discovery on a mutual basis between this case and any state court action against Schragger to avoid of duplication of depositions and other discovery matters, assuming Plaintiffs move ahead and file a complaint against Schragger forthwith.

Plaintiffs rely on Kahhan, *supra*, 2001 WL 1454063, which although involving a motion to amend the plaintiffs' claim to join a non-diverse party, this Court finds distinguishable.  In Kahhan, the court did not rely on the date the plaintiff first knew of the proposed defendant's existence and potential liability.  Id. at *3.  The defendant, an insurance company, stopped making disability payments under an insurance policy purchased by the plaintiff because she failed to disclose a preexisting medical condition on her insurance application.  Id.  Over three years after the defendant stopped making payments, the plaintiff brought suit against the insurance company in state court and the defendant removed the case to federal court.  After removal, the plaintiff sought leave from the court to amend her complaint to name the insurance salesman who sold her the policy, which would destroy diversity jurisdiction.  In finding the plaintiff was not dilatory, as understood under Hensgen's Section 1447(e) analysis, the court relied on the date the defendant responded to the plaintiff's complaint.  It was at this time the proposed defendant's liability became an issue.  Specifically, in its response, the defendant

asserted the salesman was not their agent and not liable for the salesman's liability, thereby raising the issue of the proposed defendant's liability for the first time.  In the present case, Schragger's potential liability was never unknown to Plaintiffs and never at issue.

Furthermore, Plaintiffs will also not be prejudiced if they do not name Schragger as a party because they can subpoena Schragger as a witness and take his deposition in prison, which can then be used at trial.

Based on the foregoing analysis and weighing the relevant facts, the Court finds that Plaintiffs' Motion to Amend the Complaint and join Schragger as a defendant shall be denied because it is designed to destroy diversity and it would deny Defendant its rights under the removal statute to have this claim heard in this Court.  Therefore, Plaintiffs' Motion to Remand is denied.

The Court will require Plaintiffs' counsel to consolidate these two cases unless there is some reason, unknown to the Court, why they should remain separate.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE #4 | : | CIVIL ACTION |
| v. | : | |
| THE SOCIETY FOR CREATIVE ANACHRONISM, INC. | : | NO. 07-1439 |
| | | |
| S.L., et al. | : | CIVIL ACTION |
| v. | : | |
| THE SOCIETY FOR CREATIVE ANACHRONISM, INC. | : | NO. 07-1440 |

## ORDER

AND NOW, this **25th** day of July, 2007, for all the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Plaintiffs' Motion to Amend the Complaint and for Remand (Doc. No. 3) is DENIED.

BY THE COURT:

**/s/ Michael Baylson**

Michael M. Baylson, U.S.D.J.

A:\07-1439 & 07-1440 Doe v. Society - Memorandum Mot Amend Remand.wpd